IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DELRAE MCKENZY SMITH                            PLAINTIFF

v.                      Civil No.4:14-cv-04126-SOH-BAB

LT. ADAMS, ET. AL.                                            DEFENDANTS

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This is a civil rights action filed by the Plaintiff, Delrae McKenzy Smith, pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before the Court is a Motion to Dismiss by Defendants Bruce and Emerson. ECF No. 11.

**I.**      **BACKGROUND**

The events that are the subject of this lawsuit occurred while Plaintiff was incarcerated in the Miller County Correctional Facility. ECF No. 1. Plaintiff filed this Complaint on September 25, 2014. ECF No. 1. Plaintiff alleges his constitutional rights were violated when his hands were broken during his arrest, and Defendants Bruce and Emerson denied him medical care for them. ECF 1, p. 10. He also alleges his constitutional rights were violated when he was placed in isolation and made to wear ankle restraints in the shower and on recreation time, and further was only allowed one hour of recreation every seventy-two (72) hours. Plaintiff brought this action against all Defendants in both their official and personal capacities. ECF. No. 1.

Defendants Bruce and Emerson filed this Motion to Dismiss on March 30, 2015, requesting the official capacity claims against them be dismissed for failure to state a claim. ECF No. 11.

## II.  APPLICABLE LAW

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal–Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678. While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support their claims. *See Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004).

## III.  DISCUSSION

Defendants Bruce and Emerson argue Plaintiff has failed to allege any policy or custom of their employer Southern Health Partners, Inc. which could support a claim of official capacity liability. ECF No. 12, p. 3.

Under Section 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or in both. In *Gorman v. Bartch,* the Eighth Circuit Court of Appeals ("Eighth Circuit") discussed the distinction between individual and official capacity suits. As explained by the *Gorman* case:

> Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. *See Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *Id.* 502 U.S. at 24–27, 112 S.Ct. at 361–62 (1991). Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *Id.* 502 U.S. at 25–27, 112 S.Ct. at 362.

*Gorman,* 152 F.3d 907, 914 (8th Cir.1998). "[R]igorous standards of culpability and causation must be applied to ensure that the [county] is not held liable solely for the actions of its employee" in cases where a plaintiff claims a county has caused an employee to violate the plaintiff's constitutional rights. *Board of County Commissioners, Oklahoma v. Brown,* 520 U.S. 397, 405 (1997).

An official capacity claim in this case is a claim against Defendant Bruce and Emerson's employer, Southern Health Partners, Inc. ("SHP").[1] SHP is a private correctional medical services corporation contracted with the ADC to provide those services. Through this contract, SHP is acting under color of state law and is subject to suit under § 1983. *West v. Atkins*, 487 U.S. 42 (1988); *Burke v. North Dakota Dept. of Corrections and Rehab.*, 294 F.3d 1043 (8th Cir. 2002); *Montano v. Hedgepeth*, 120 F.3d 844, 849-50 (8th Cir. 1997). However, "[a] claim of deprivation of a constitutional right cannot be based on a *respondeat superior* theory of liability. *Monell v.*

---

[1]Interestingly, there does not appear to be any in-depth discussion or explicit holding in the Eighth Circuit as to whether an official capacity claim may be properly brought against a private entity for monetary damages. Certainly private correctional medical care corporations such as Southern Health Partners are regularly found liable for monetary damages. However, the analysis generally looks first to determine if acting under color of state law, and second to the *respondeat superior analysis*, as the Court has done here. This seems to be skipping a logical step in the analysis, and, as noted by some scholars, has created inconsistencies in approaches in the circuits when looking at the availability of immunities for private entities. *See.e.g.* Barbara Kritchevsky, *Civil Rights Liability of Private Entities,* 26 Cardozo Law Review 35 (2004).

*Department of Social Services,* 436 U.S. 654, 694 (1978); *Powell v. Shopco Laurel Co.*, 678 F.2d 504, 506 (4th Cir. 1982) (stating *Monell's* holding is "equally applicable to the liability of private corporations" as to municipal corporations).

> In a § 1983 action, a prisoner cannot hold a corporation vicariously liable for the wrongful actions of its employees. *See Burke v. North Dakota Dept. of Corrs. & Rehab.*, 294 F.3d 1043, 1044 (8th Cir.2002). Rather, under § 1983, a corporation, acting under color of state law, can be held liable only for its unconstitutional policies, practices, or customs. *Id.* Thus, Defendant [Correctional Medical Services] can be held liable only if there was a policy, custom, or official action that inflicted an actionable injury on Plaintiff. *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir.2006); *see also Sanders v. Sears Roebuck & Co.*, 984 F.2d 972, 975, 976 (8th Cir.1993).

*Caldwell v. Corr. Med. Services*, 2010 WL 4959859, at *4 (E.D. Ark. Nov. 12, 2010); *see also Burke*, 294 F.3d at 1044, *Crabb v. Southern Health Partners*, 2015 WL 1578936, at *2-4 (E.D. Ark. April 9, 2015).

Plaintiff did not state a claim against Defendants Bruce and Emerson in their official capacity. Plaintiff's Complaint makes no allegations concerning any custom or policy of SHP. Nor does it make allegations concerning Defendants Bruce or Emerson which could be construed to imply they were following any custom or policy of SHP. Instead, the sole medical allegation states Plaintiff wrote a medical concerning his hands, and received a response from Defendant Emerson stating: "If you wouldn't be punching an object you wouldn't have that problem. [Buy] pain pills off store." ECF No. 1, p. 10.

## IV. CONCLUSION

Accordingly, I recommend Defendants Bruce and Emerson's Motion to Dismiss Plaintiff's Official Capacity Claims against them (ECF No. 11) be **GRANTED**. Plaintiff's official capacity claims against Defendants Bruce and Emerson should be **DISMISSED** with prejudice. Plaintiff's

personal capacity claims against these Defendants should remain for further consideration.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **16th day of February 2016.**

        /s/  Barry A. Bryant
        HON. BARRY A. BRYANT
        UNITED STATES MAGISTRATE JUDGE