IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DELRAE MCKENZY SMITH                              PLAINTIFF

v.                        Civil No. 4:14-CV-04126-SOH-BAB

LT. ADAMS, *et. al.*                                       DEFENDANTS

**REPORT AND RECOMMENDATION**

This is a civil rights action filed by the Plaintiff, Delrae McKenzy Smith, pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before the Court is Plaintiff's oral Motion to Dismiss Nurse Bruce as a Defendant.

**I. BACKGROUND**

A Summary Judgment Hearing was held on Thursday, September 15, 2016. ECF No. 40. Plaintiff appeared by videoconference. Counsel for Defendants were present. At the end of the hearing, Plaintiff requested that Defendant Nurse Bruce be dismissed as a Defendant from the case, because she "tried to help" him with his alleged medical issues. Counsel for Defendants Bruce and Emerson stated he had no objection to the dismissal.

**II. DISCUSSION**

Under Federal Rule of Civil Procedure 41(a)(2), a Plaintiff's request for dismissal after Defendant's Answer has been served requires a court order. The dismissal may granted "on terms

that the court considers proper." "When deciding whether to exercise its discretion to allow a voluntary dismissal, the district court should consider whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants." *Mullen v. Heinkel Filtering Sys., Inc.*, 770 F.3d 724, 728 (8th Cir. 2014) (quoting *Donner v. Alcoa, Inc.* 709 F.3d 694, 697 (8th Cir 2013)(internal quotations omitted).

In this case, Plaintiff requested the dismissal after receiving motions for summary judgment from all Defendants, and after providing sworn testimony in response to those motions at his Summary Judgment Hearing. He further stated he wanted to dismiss her as a Defendant because she "tried to help" him with his alleged medical issues. Defense counsel for Defendant Bruce stated he does not object to the dismissal. Thus, the Plaintiff has provided a proper reason for dismissal, and the Defendant does not appear to consider himself prejudiced by dismissal. Nor does it appear that granting the dismissal will result in a waste of judicial time and effort. It is therefore appropriate to grant Plaintiff's Motion for Dismissal

### III. CONCLUSION

Accordingly, I recommend Plaintiff's oral Motion to Dismiss Nurse Bruce be **GRANTED**, and Defendant Nurse Bruce be **DISMISSED** without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **15th day of September 2016.**

                                              /s/  Barry A. Bryant
                                              HON. BARRY A. BRYANT
                                              UNITED STATES MAGISTRATE JUDGE